**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Amwar Naserallah** | ) | **CASE NO. 1:05-cv-1022** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **U.S. Citizenship and Immigration** | ) | |
| **Services,** *et al.* | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion for Summary Judgment (Doc. 16) of Defendants Michael Chertoff, Secretary of the Department of Homeland Security; Alberto R. Gonzales, Attorney General of the United States; Eduardo Aguirre, Jr., Acting Director, Bureau of Citizenship and Immigration Services ("USCIS"); Steven Farquharson, Regional Director, USCIS; and Mark Hanson, District Director, Cleveland USCIS District. This case arises out of Defendants' denial of Plaintiff Amwar Naserallah's application for naturalization. For the reasons that follow, Defendants' Motion is GRANTED.

**FACTS**

Plaintiff was admitted to the United States as a lawful permanent resident on May 25, 1998.  He was indicted in the Cuyahoga County Court of Common Pleas for the illegal use of food stamps on August 10, 2000, and "arrested or received" on August 24, 2000.  The case was dismissed without prejudice on October 20, 2000.

Plaintiff filed an application for naturalization on August 22, 2001.  Question 15.b. of Part 7 of that application asked whether he had ever "been arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic violations."  Plaintiff checked the box for "no."[1]  At that time, he certified under penalty of perjury that the application was "all true and correct."  On November 8, 2001, the government received an FBI "Rap Sheet Printout" indicating the August 2000 charge against Plaintiff.

On November 21, 2001, Plaintiff was indicted once again in the Cuyahoga County Court of Common Pleas, this time on charges of theft, trafficking in or illegal use of food stamps, tampering with records, and possessing criminal tools.  Plaintiff pleaded guilty to attempted trafficking in or illegal use of food stamps and the remaining charges were dismissed on April 23, 2002.  The judge sentenced him in open court to six months in jail (suspended) and ordered him to pay a $250 fine.

Plaintiff was interviewed regarding his naturalization application on August 26, 2002.  The parties dispute what happened when he was pressed about his criminal history.  Plaintiff claims that he understood there to be one case against him regarding the food stamps.

---

[1] The original "no" was part of the August 2001 application.  That answer was changed as part of correction 8 during Plaintiff's August 2002 interview with the examiner, which is discussed in more detail *infra*.

Defendants counter that when asked about previous arrests or charges, Plaintiff answered "no" then changed his story and admitted to only the first charge. The parties do not dispute that the only document he provided to the interviewing officer was the record of the first dismissal and that he did not inform the officer of his guilty plea, suspended sentence, or fine. Plaintiff claims that the dismissal of the first action was the only document he had available at the time and that he did not understand the import of the admission of guilt, fine and suspended sentence.

In any event, Plaintiff and the examiner changed his answer to question 15.b. of Part 7 to "yes" and wrote in "food stamp-dismissed 10/00." This was correction (8) to the application. Upon completion of the interview, Plaintiff signed a statement swearing that the corrections were true to the best of his knowledge and belief.

USCIS eventually discovered the guilty plea, fine and suspended sentence. Plaintiff attempted an explanation, but his application for naturalization was denied on April 22, 2003, on the ground that Plaintiff lacked "good moral character" as required by law. 8 U.S.C. § 1427(a)(3). In particular, Plaintiff was found to have violated the following:

> An applicant shall be found to lack good moral character if during the statutory period the applicant . . . [h]as given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit[.]

8 C.F.R. § 316.10(b); *see also* 8 U.S.C. § 1101(f).

Plaintiff's administrative appeal was denied in a decision dated September 8, 2005.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is

appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. UAW Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 317).

**DISCUSSION**

Plaintiff does not dispute that USCIS can deny his application for naturalization for giving false testimony.  He simply argues that there is a genuine issue of fact as to whether his testimony was false.  The Court disagrees.  Plaintiff had numerous opportunities to fully disclose the charges, sentence and guilty plea, and failed to do so at every opportunity.

First, in his original application for naturalization, sworn to under penalty of perjury and filed after the first charge was dismissed, Plaintiff flatly denied that he had ever been arrested, cited or charged with an offense.

Second, Plaintiff's corrected application, also sworn to by Plaintiff, failed to disclose the guilty plea of April 2002.  Even if the Court were to accept Plaintiff's explanation—that he believed that there was only one charge—the Court cannot accept that "food stamp-dismissed 10/00" truthfully disclosed the status of that offense as of August 2002.  Plaintiff pleaded guilty, was fined and sentenced to a six month (suspended) jail sentence in open court on April 23, 2002, barely four months before the interview.  No reasonable juror could conclude that Plaintiff mistakenly believed his case was "dismissed 10/00."

Third, the written corrections made during the interview confirm the examiner's recollection of the conversation with Plaintiff and render Plaintiff's story patently unreasonable.  Although Plaintiff claims that he was attempting to explain his understanding of the charges when the officer abruptly terminated the interview, his version of events simply cannot be reconciled with the fact that Plaintiff freely affirmed the false testimony with his signature.  If the corrections were inaccurate, there was no reason to swear to them.  Rather, Plaintiff's signature confirms that he did not attempt to divulge or explain the his guilty plea, fine or sentence when

5

questioned about other encounters with the police or courts at the interview.[2]

Plaintiff also argues that he would have no reason to make a false statement, since the second charge is a petty offense that would not make him ineligible for naturalization. However, there is no evidence that Plaintiff was aware of this prior to the interview. Since he might well have believed at the time that the his guilty plea would damage his chances for naturalization, the legal ramifications of the that plea are not probative of the truthfulness of his statements. Finally, to the extent that Plaintiff believes that the false testimony must relate to an offense that would itself justify denial of the application, he is clearly incorrect. *Kungys v. United States*, 485 U.S. 759, 779-82 (1988); 8 C.F.R. 316.10(b)(2)(vi).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/12/06

---

[2] For the reasons discussed above, Plaintiff cannot claim that his failure to divulge these facts during the interview was the result of a misunderstanding that "dismissed 10/00" truthfully disclosed the nature of his April 2002 guilty plea, fine and sentence.

6